9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lino ESPINO-SANCHEZ; Felipa Devora-Martinez; Lucina
Espino-Devora, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70446.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 9, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lino Espino-Sanchez, his spouse, Felipe Devora-Martinez, and his daughter, Lucina Espino-Devora, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal from the immigration judge's ("IJ") decision denying their application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Our review is limited to the BIA's decision.[1] See Rodriquez-Rivera v. U.S. Dep't of Immigration and Naturalization, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam). In evaluating the petitioner's claims, we must uphold the BIA's factual determinations if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4). Under the substantial evidence standard, "the BIA's conclusion, based on the evidence presented, [must] be substantially reasonable." De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990) (quotations omitted).[2] "To reverse the BIA finding we must find that the evidence not only supports that conclusion, but compels it...." INS v. Elias-Zacarias, 112 S.Ct. 812, 815 n. 1 (1992).
 
 
 4
 Espino-Sanchez contends the BIA abused its discretion by affirming the IJ's decision because: (1) substantial evidence supports Espino-Sanchez's assertion that he has a well-founded fear of persecution; and (2) Espino-Sanchez is a refugee within the meaning of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1101(a)(42). These contentions lack merit.
 
 
 5
 Section 208(a) of the Act authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a "refugee." 8 U.S.C. § 1158(a). As defined in the Act, a refugee is an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).[3] Persecution involves "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (quotations omitted). If the persecution is not motivated by one of the five statutory grounds, then the alien is ineligible for asylum or withholding even if the threat of persecution is credited. See Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (9th Cir.1985).
 
 
 6
 We agree that Espino-Sanchez[4] has failed to establish statutory eligibility for asylum. His request for asylum is based on his claim that he has a well-founded fear of being persecuted by Mexican police because of a dispute with a wealthy landowner.
 
 
 7
 In support of his claim for asylum, Espino-Sanchez testified that the landowner's livestock trespassed on Espino-Sanchez's property, damaging crops and plants. Espino-Sanchez reported the trespass to the head of the municipality, who issued an order directing the landowner not to permit his animals on Espino-Sanchez's property. Eight days later, the police beat Espino-Sanchez and threatened that they would kill him if he pursued the matter against the landowner. Espino-Sanchez then sought assistance from other government agencies, which were unwilling to help. A commander of the police also threatened to kill Espino-Sanchez if he pursued the matter against the landowner. Out of fear, Espino-Sanchez did not pursue the matter. Although the landowner's animals continued to trespass on Espino-Sanchez's property, the police did not harm or threaten to harm Espino-Sanchez or his family during the following year.
 
 
 8
 There is substantial evidence in the record to support the BIA's conclusion that Espino-Sanchez's problems with the landowner, which include problems with the police, are personal in nature and do not amount to persecution on account of one of the five grounds enumerated in 8 U.S.C. § 1101(a). See Zayas-Marini v. INS, 785 F.2d 801, 806 (9th Cir.1986); Diaz-Escobar, 782 F.2d at 1494. As the BIA noted, while Espino-Sanchez has alleged that the landowner has influence over the police, he failed to demonstrate that police action on behalf of the landowner was motivated by anything other than personal reasons. Thus, Espino-Sanchez's attempt to characterize his problems as stemming from his membership in a social class of small landowners for purposes of qualifying as a refugee fails. See Sanchez-Trujillo v. INS, 801 F.2d 1571, 1576-77 & n. 7 (9th Cir.1986).
 
 
 9
 Furthermore, substantial evidence supports the BIA's conclusion that Espino-Sanchez did not establish a well-founded fear of persecution. Espino-Sanchez testified that he did not fear returning to other parts of Mexico. See Quintanilla-Ticas v. INS, 783 F.2d 955, 957 (9th Cir.1986) (noting that even if petitioner faced danger in hometown, deportation did not require petitioner to return to his hometown). Moreover, Espino-Sanchez had no problem with the police during the year following their threats. See Rodriguez-Rivera, 848 F.2d at 1006 (fact that petitioner lived undisturbed for two months following threat, undermined his claim of well-founded fear of persecution).
 
 
 10
 We conclude, in light of the entire record, that substantial evidence supports the BIA's determination that Espino-Sanchez has not shown a well-founded fear of persecution in Mexico on account of race, religion, nationality, membership in a particular social group, or political opinion. See Diaz-Escobar, 782 F.2d at 1494.
 
 
 11
 Espino-Sanchez claims that the BIA erred because the his testimony was credible and uncontroverted. Even if Espino-Sanchez's testimony is deemed credible, however, his claims do not establish a well-founded fear of persecution on account of one of the five enumerated categories. See id.[5]
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA conducted a de novo review of the IJ's decision. Thus, any alleged errors by the IJ are deemed harmless. See Rodriguez-Rivera, 848 F.2d at 1002
 
 
 [2]
 The substantial evidence test applies to the BIA's factual determination that an alien has failed to prove a well-founded fear of persecution. Sanchez-Trujillo v. INS, 801 F.2d 1571, 1578 (9th Cir.1986)
 
 
 [3]
 To establish eligibility for asylum based on a well-founded fear of persecution, an alien must demonstrate both a subjective and an objective fear. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible, and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera, 848 F.2d at 1002 (quotation and emphasis omitted). The applicant bears the burden of establishing eligibility for asylum. See Estrada-Posadas, 924 F.2d at 918
 
 
 [4]
 Because the asylum claims of Devora-Martinez and Espino-Devora are derivative of Espino-Sanchez's claim, we discuss only Espino-Sanchez. See 8 C.F.R. § 208.21 (spouse and child may be granted asylum if accompanying the principal alien)
 
 
 [5]
 The well-founded fear standard applicable to asylum claims is more generous than the clear probability standard applicable to withholding of deportation. Cardoza-Fonseca, 480 U.S. at 449-50. Accordingly, a petitioner who fails to demonstrate a "well-founded fear of persecution" required for asylum under section 1158(a) also fails to meet the more stringent standard of a "clear probability of persecution" required for withholding of deportation. De Valle, 901 F.2d at 790. Thus, to the extent Espino-Sanchez attempts to petition for review of the BIA's denial of withholding, the petition is denied